IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Timothy J. Vaughn, #317474, ) | Civil Action No.:2:11-3111-GRA-BHH |
| ) | |
| Petitioner, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| v. ) | **OF MAGISTRATE JUDGE** |
| ) | |
| Anthony Padula, Warden ) | |
| ) | |
| Respondent. ) | |

The Petitioner, a state prisoner proceeding *pro se*, seeks habeas relief for state convictions pursuant to 28 U.S.C. § 2254. This matter is before the Court on the Respondent's Motion for Summary Judgment. (Dkt. No. 22; see also Dkt. No. 23.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review the instant petition for relief and submit findings and recommendations to the District Court.

The Petitioner brought this habeas action on February 8, 2011. (See Dkt. No. 1-1.)[1] On April 17, 2012, Respondent moved for summary judgment. (Dkt. No. 22; see also Dkt. No. 23.) By order filed April 18, 2012, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 24.) Petitioner filed

---

[1]There is some dispute over the date Petitioner filed the instant habeas petition. (See Dkt. No. 34; Dkt. No. 36.) The envelope Petitioner used to file the § 2254 petition is stamped "received" by Lee Correctional Institution ("Lee") Mail Room on November 10, 2011. (Dkt. No. 1-1.) The postmark on the envelope reveals that the petition was mailed from Lee that same day: November 10, 2011. (Id.) In the body of his Petition, however, Vaughn states that he placed the § 2254 petition in the prison mailing system on February 8, 2011. (Dkt. No. 1 at 14 of 14.) For purposes of the instant Report and Recommendation, the undersigned assumes a file date of February 8, 2011. See Houston v. Lack, 487 U.S. 266 (1988) (prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to District Court).

his Response in Opposition on or about August 15, 2012. (See Dkt. No. 34; see also Dkt. No. 36.)

## **PROCEDURAL HISTORY**

The Petitioner is currently confined at Lee Correctional Institution. In November of 2005, Petitioner was indicted by the Sumter County Grand Jury for murder, armed robbery, attempted armed robbery, and possession of a firearm during the commission of a crime of violence. (R. at 2, 56.) Petitioner was represented by Jack D. Howle, Esquire. On September 11, 2006, Petitioner pled guilty to murder and armed robbery before the Honorable Clifton Newman. (R. at 1-28.) On September 11, 2006, Judge Newman sentenced Petitioner to thirty years, concurrent, on each of the two charges. (R. at 26-27.)

Petitioner did not file a direct appeal.

On December 21, 2006, Petitioner filed an application for Post-Conviction Relief ("PCR"). (R. at 29-35.) In his PCR application, Petitioner contended his "counsel was ineffective" because "counsel fail[ed] to properly advise [Petitioner] of [the] facts of [his] case. (R. at 31.) On November 9, 2007, Petitioner, though his attorney Charles T. Brooks, III, Esquire, filed an Amended Application for Post-Conviction Relief. (R. at 40-43.) In the amended PCR application, Petitioner contended his counsel was ineffective for failing to object to the indictment and for failing to provide notice to Petitioner of the charges against him. (R. at 40-43.)

An evidentiary hearing was held on December 12, 2007, before the Honorable George C. James, Jr. (R. at 44-55.)[2] Petitioner was present and represented by Mr. Brooks. In an order dated January 23, 2008, Judge James denied the application for post-conviction relief and dismissed the petition. (R. at -61.)

---

[2]The transcript of this evidentiary hearing is dated December 12, 2008. (See R. at 23-1 at 46 of 65.) It appears, however, that "2008" is a typo, and that the hearing was actually conducted on December 12 of 2007. (See R. at 55, 56.)

2

On August 29, 2008, Robert M. Pachak, Esquire, of the South Carolina Commission on Indigent Defense, filed a petition for writ of certiorari on behalf of Petitioner. (Dkt. No. 23-2.) In the Johnson Petition, Mr. Pachak raised the following issue: "[w]hether [P]etitioner's guilty plea was voluntarily and intelligently entered into." (Dkt. No. 23-2 at 3 of 8.) Mr. Pachak also filed a petition to be relieved as counsel (Dkt. No. 23-2 at 7 of 8.)

On January 6, 2009, the case was transferred to the South Carolina Court of Appeals. (Dkt. No. 23-3.) On February 11, 2010, the South Carolina Court of Appeals entered an order denying the petition. (Dkt. No. 23-4.) The matter was remitted to the lower court on March 1, 2010. (Dkt. No. 23-5.)

The Petitioner then filed the instant habeas action raising the following grounds for review (verbatim):

> **Ground One**: Ineffective assistance of counsel.
> **Supporting Facts**: Counsel fail to bring to the court attention that (I) his client did not receive notice of the nature and cause of the accusation. My counsel wasn't fully [informed] of my case (evidence against me) [be]cause he got my Brady motion & Rule 5 on July 12, 2006 & my plea was (9-11-06) September-11-2006.
>
> **Ground Two:** Plea was involuntary.
> **Supporting Facts**: My plea was involuntary [be]cause the State & my appointed attorney refuse (fail) to hand over my Brady vs. Maryland & my Rule 5 therefore I never knew the elements against me & the State and then my attorney still have refuse to hand over my Brady vs. Maryland & my Rule 5. This detriment damage to me.
>
> **Ground Three**: Guilty plea was not voluntary and intelligently enter[ed] into.
> **Supporting Facts**: I only talk to my appointed attorney (3 to 4) three to four times before my plea. I never got a chance to review my Brady motion & Rule 5 even to this day the State of South Carolina & my appointed attorney then still refuse to send it to me. My counsel stone wall me into plea by going to my family first & telling them if I didn't plea the State would give me two (2) life sentence. I also never got my indictment.
>
> **Ground Four**: Wrongfully charge first degree murder.
> **Supporting Facts**: First degree murder consist of premeditated. Meaning you knew you was going to kill this person. I never knew this man [or] had time [or] chance to plan [or] pilot this crime it was truly an accident.

(Dkt. No. 1.)

## APPLICABLE LAW

**Summary Judgment Standard**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth., 597 F.3d 570, 576 (4th Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.'" Id. (quoting Hunt v. Cromartie, 526 U.S. 541, 552 (1999)); see also Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990).

## DISCUSSION

Respondent contends he is entitled to summary judgment in the instant case for several reasons, one of which is that the § 2254 petition is barred by the statute of limitations. (See Dkt. No. 23 at 15-18.)

Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-132, 110 Stat. 1214, an inmate who is incarcerated "pursuant to the judgment of a State court" and who seeks federal post-conviction habeas relief is subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). The one-year period to file a § 2254 petition commences upon the latest of the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

4

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1)(A)-(D). The one-year period to file a § 2254 petition, however, is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Id. § 2244(d)(2).

Even if the limitations period is not tolled under the statute, a § 2254 petition may nevertheless be timely if the petitioner can demonstrate that he is entitled to equitable tolling of the limitations period. The Supreme Court recognized that the limitations period may be equitably tolled if the petitioner shows (1) he has been diligently pursuing his rights and (2) some extraordinary circumstance stood in his way, preventing him from timely filing his habeas petition. Holland v. Florida, 130 S.Ct. 2549, 2562 (2010) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Therefore, "specific circumstances . . . could warrant special treatment in an appropriate case." Id. at 2563.

Respondent contends that Petitioner's "one-year period of limitation began on September 22, 2006, the day after Petitioner's judgment became final by the conclusion of the time for seeking direct review." (Dkt. No. 23 at 16.) Respondent argues that, at the time Petitioner filed his application for PCR on December 21, 2006, ninety days of non-tolled time had already passed. (Id.) Respondent states that the statute began running again on March 2, 2010, and ran until November 10, 2011, the date Petitioner placed his § 2254 petition in the prison mailing system. (Id.) According to Respondent, Petitioner's habeas claims are time-barred because "Petitioner filed his federal habeas petition three-hundred forty-four (344) days after the conclusion of § 2244(d)(1)'s one year period of limitation." (Id.)

The undersigned recommends granting Respondent's Motion for Summary Judgment because the instant habeas petition is barred by time. Petitioner pled guilty to murder and

armed robbery on September 11, 2006. (R. at 1-28.) Petitioner did not appeal, and the time for him to do so expired on September 21, 2006. See SCACR 203(b)(2) ("After a plea or trial resulting in conviction or a proceeding resulting in revocation of probation, a notice of appeal shall be served on all respondents within ten (10) days after the sentence is imposed."). As such, the § 2244(d)(1) statute of limitations began running on September 22, 2006. See Gonzalez v. Thaler, 132 S.Ct. 641, 653-54 (2012) (Where a petitioner does not seek direct review all the way to the Supreme Court of the United States, the conviction becomes final "when the time for pursuing direct review in this Court, or in state court, expires. We thus agree with the Court of Appeals that because [the petitioner] did not appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired.").

Petitioner did "properly file[]" his PCR application, so the statute of limitations was tolled while the PCR application was pending. See 28 U.S.C. § 2244(d)(2). Petitioner filed his PCR application on December 21, 2006. (R. at 29-35.) Thus, at the time he filed his PCR application, ninety days of non-tolled time had passed.[3] Petitioner had 275 remaining days of the one-year period within which to timely file his § 2254 petition. These 275 days began running again on March 2, 2010. Accordingly, in order to be timely, Petitioner's habeas petition had to be filed on or before December 2, 2010.

Petitioner's § 2254 habeas petition was filed–at the earliest–on February 8, 2011, and was therefore untimely. See note 1, supra. Petitioner contends in his Responses in Opposition that he timely filed his petition. (See Dkt. No. 34; Dkt. No. 36.) He states that he "can show the court respectfully why the court g[ot his] petition so late." (Dkt. No. 34 at 1 of 3.) Petitioner states (verbatim),

> I petitioner file petition in a timely matter and place petition in Lee Correctional Institution mail before the one year limitation but for some reason my mail was held for (20) twenty days by Lee Correctional Institution mailroom workers.

---

[3]September 22, 2006, to December 21, 2006, is ninety days.

6

> The one who did I can't say cause they have more than one worker. I follow Institution rules and file a Step One Grievance but that was denied cause they said I waited pass the date to file from the time I place my mail in the mailbox and cause my informal resolution was insufficient.

(Dkt. No. 34 at 1 of 3.) In his Second Response in Opposition to the Motion for Summary Judgment, Petitioner again asserts his § 2254 petition was timely filed (verbatim):

> I petitioner did in fact filed petition in a timely matter. I can and will show this Court through paper work and documents that I receive my 28 U.S.C. § 2254 for a Writ of Habeas Corpus in the month of October 2010 by Mr. Larry W. Propes, Clerk of Court but do to administration reason at Lieber Corr. Inst. I was placed on administration protected custody and my legal work was left in my property bag. I rewrote Mr. Larry W. Propes Clerk of Court again do to this reason in the month of December 2010. I receive another copy along with Summons in Civil Action AO440 (Rev. 12/09). I was return to Lieber yard then transfer to Lee C.I. in the month of January 2011 in a lock down unit my petition was forward to me to Lee C.I. then was place in Lee C.I. mail box but was held for (20) twenty days by Lee C.I. mail then return to me again stating I must prove I have a pending case before they will mail it out after providing them with the proper paperwork my petition was return again stating I got to have an 10-14 form attach. In close is my step 1 grievance and copy (last and only) from Clerk of Court Mr. Larry W. Propes.

(Dkt. No. 36 at 1-2 of 5.)

As discussed above in footnote one, the undersigned assumes Petitioner placed his § 2254 petition in the prison mailing system on February 8, 2011.[4] Although Petitioner complains that Lee mailroom staff "held" his mail for twenty days before mailing, such

---

[4] The following question and answer appear on Vaughn's § 2254 petition (verbatim):
18. TIMELINESS OF PETITION. If your judgment of conviction became final over one year ago, you must explain the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition.

Why my petition should be bar under the new federal habeas corpus changing the prison motion shall be bar if the last state court are prisoner have exhaust his/her state court remedies over the statues of limitation of the last court hearing on his or her motion, appeal, are post conviction in a year time frame.

(Dkt. No. 1 at 13 of 14.) To the extent Petitioner contends he had one year after conclusion of his PCR proceedings to within which to timely file his habeas petition, that contention is incorrect. See generally Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir.2000) (aggregating time not tolled before and after state PCR to determine the one year statute of limitations under 28 U.S.C. § 2244(d) had run).

7

alleged occurrence is immaterial in the instant case, as it would not change the date Petitioner himself wrote, "declar[ing] . . . under penalty of perjury" that he placed the § 2254 petition in the prison mailing system on February 8, 2011. (Dkt. No. 1 at 14 of 14.) And even if the Court were to "subtract" the twenty days Lee mailroom staff allegedly "held" his Petition, the Petition would still be untimely. Petitioner's § 2254 petition simply was not timely filed.

The undersigned further recommends concluding that Petitioner is not entitled to equitable tolling. As noted above, "[a] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland, 130 S. Ct. at 2562-63 (2010) (citing Pace, 544 U.S. at 418) (internal quotation marks omitted). Petitioner bears the burden of showing that he is entitled to equitable tolling. Pace, 544 U.S. at 418. Although Petitioner argues in his Responses that his petition is timely, he did not directly address equitable tolling. (See Dkt. No. 34; Dkt. No. 36.) Petitioner has not established that he is entitled to equitable tolling; he has not shown that he was diligent in pursuing his rights or that some extraordinary circumstance stood in his way, preventing him from timely filing his habeas petition. In short, there is no reason to conclude that Petitioner is entitled to equitable tolling. See Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000) ("Harris argues that equitable considerations justify tolling in his case because the missed deadline was the result of an innocent misreading of the statutory provision by his counsel. While we agree that the mistake by Harris' counsel appears to have been innocent, we cannot say that the lawyer's mistake in interpreting a statutory provision constitutes that 'extraordinary circumstance' external to Harris that would justify equitable tolling."); United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling."); Bogan v. South Carolina, 204 Fed.

App'x 160, 160-61 (4th Cir. 2006) ("Recourse to equitable tolling must be guarded and infrequent. Consequently, equitable tolling is appropriate only when the government's wrongful conduct prevents a petitioner from filing a timely petition or when extraordinary circumstances beyond the petitioner's control make timely filing impossible."); see also Parmaei v. Jackson, 378 Fed. App'x 331, 332 (4th Cir. 2010) ("[W]e conclude that equity should operate to allow [the petitioner] to pursue on § 2254 those claims that, but for the clerk's docketing failure, would have been timely before the district court."). Based on the date Petitioner filed his petition–February 8, 2011–and the date the remittitur was issued in the PCR action, perhaps Petitioner mistakenly believed he had one year from time the PCR proceedings ended within which to file his § 2254 petition. Of course, such a view would be incorrect. See Harris, 209 F.3d 325. Because Petitioner's claims are time-barred, and Petitioner has not established that he is entitled to equitable tolling, the undersigned recommends granting Respondent's Motion for Summary Judgment.

## **CONCLUSION**

It is therefore RECOMMENDED, for the foregoing reasons, that Respondent's Motion for Summary Judgment (Dkt. No. 22) be GRANTED; and the Petitioner's habeas petition be DISMISSED WITH PREJUDICE. The undersigned further RECOMMENDS that a certificate of appealability be DENIED.[5]

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

January 28, 2013
Charleston, South Carolina

**The Petitioner's attention is directed to the important notice on the next page.**

---

[5]     Title 28, Section 2253 provides in relevant part,
(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
    (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
    (B) the final order in a proceeding under section 2255.
28 U.S.C. § 2253. A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). In the case *sub judice*, the legal standard for a certificate of appealability has not been met. The undersigned therefore recommends that a certificate of appealability be denied.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).