UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Timothy J. Vaughn, #317474,       )<br>                                                     )<br>                            Petitioner,    )<br>                                                     )<br>v.                                                  )<br>                                                     )<br>Anthony Padula, Warden,              )<br>                                                     )<br>                            Respondent. )<br>_____ ) | C/A No.: 2:11-3111-GRA-BHH<br><br><br><br>**ORDER** |

This matter comes before the court for a review of United States Magistrate Judge Bruce Howe Hendricks' Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C, and filed on January 28, 2013. Petitioner Timothy J. Vaughn ("Petitioner"), an inmate currently in state custody at Lee Correctional Institution, brought this action pursuant to 28 U.S.C. § 2254 on February 8, 2011.[1] ECF No. 1. Respondent moved for summary judgment on April 17, 2012, and the Court sent Petitioner an order pursuant to *Roseboro v. Garrison*, 428 F.2d 309 (4th Cir. 1975), explaining the summary judgment process and instructing Petitioner that he had thirty-four days to respond to the motion. ECF Nos. 22 & 24. Petitioner filed a response in opposition on August 13, 2013. ECF No. 34. Magistrate Judge Hendricks now recommends that this Court grant Respondent's motion for summary judgment and Petitioner's § 2254 petition be

---

[1] Prisoner petitions are deemed filed at the time that they are delivered to prison authorities for mailing to the court clerk. *Houston v. Lack*, 487 U.S. 266, 276 (1988). The envelope Petitioner used to file the § 2254 petition is stamped "received" by Lee Correctional Institution Mail Room on November 10, 2011, and the postmark reveals that the petition was mailed that same day. However, as Judge Hendricks did in her Report and Recommendation, the Court will assume a filing date of February 8, 2011, which is the date Petitioner indicates that his § 2254 petition was placed in the prison mailing system. *See* ECF No. 1 at 14.

dismissed with prejudice as untimely under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  Report & Recommendation, ECF No. 37.

## Standard of Review

Petitioner brings this claim *pro se*.  This Court is required to construe *pro se* pleadings liberally.  Such pleadings are held to a less stringent standard than those drafted by attorneys.  *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim.  *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).  A court may not construct the petitioner's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them," *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985).

The magistrate makes only a recommendation to the Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *Matthews v. Weber*, 423 U.S. 261, 270–71 (1976).  This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Accordingly, this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C. § 636(b)(1).

In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

## Discussion

Petitioner timely filed an Objection to the Report and Recommendation on February 7, 2013. ECF No. 39. Specifically, Petitioner objects to Magistrate Judge Hendricks' finding that he is not entitled to equitable tolling. However, the Court finds that his objection is without merit.

Under the AEDPA, an inmate who is incarcerated "pursuant to the judgment of a State court" and who seeks federal post-conviction habeas relief is subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). However, this one-year limitations period may be equitably tolled in some situations. *Holland v. Florida*, 560 U.S. ___, 130 S.Ct. 2549, 2562 (2010). In order to have the limitations period tolled, a petitioner must show (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Id.*

As correctly calculated in the Report and Recommendation, Petitioner's habeas petition had to be filed on or before December 2, 2010. *See* Report & Recommendation, ECF No. 37. Petitioner's § 2254 petition was not filed until February 8, 2011. Yet, Petitioner claims in his objection that he should be entitled to equitable tolling of the limitations period. Petitioner asserts that he was placed on "administration protected custody" in the month of December 2010 and that this caused him to miss the one-year deadline. *See* ECF No. 39.

The Court finds that Petitioner's § 2254 petition is untimely and simply cannot be salvaged by equitable tolling principles. Petitioner fails to show in his objection that he had been pursuing his rights diligently in the one year prior to him being placed in "administration protected custody" in December of 2010—the month the

limitations period ended. Moreover, being placed in protective custody does not rise to the level of an extraordinary circumstance beyond Petitioner's control enough to warrant the extraordinary remedy of equitable tolling. *See Bogan v. South Carolina*, 204 F. App'x 160, 160 (4th Cir. 2006) ("Recourse to equitable tolling must be guarded and infrequent."). Accordingly, Petitioner's objection is without merit, and he is not entitled to equitable tolling.

After a thorough review of the record, the Report and Recommendation, and the relevant case law, this Court finds that the Magistrate Judge applied sound principles to the facts of this case. Therefore, this Court adopts the magistrate's Report and Recommendation in its entirety.

**IT IS THEREFORE ORDERED THAT** Respondent's Motion for Summary Judgment is GRANTED and that Petitioner's § 2254 Petition is DISMISSED with prejudice. The Court declines to issue a certificate of appealability in this matter.[2]

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

February  14 , 2013
Anderson, South Carolina

---

[2] When a district court issues a final ruling on a habeas petition, the court must issue or deny a certificate of appealability. *See* Rule 11(a) of the Rules governing 28 U.S.C. § 2254 & 2255. The Court has reviewed its order and, pursuant to Rule 11(a), declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2), *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that, to satisfy § 2253(c), "a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.").